1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                                **DISTRICT OF NEVADA**

6

7    JESSE CRUZ, *et al.*,                        )
                                                   )
8                          Plaintiffs,             )        Case No.  2:12-cv-01627-JAD-CWH
                                                   )
9    vs.                                           )        **ORDER**
                                                   )
10   WABASH NATIONAL CORPORATION,                  )
                                                   )
11                         Defendant.              )
     _____)

12
              This matter is before the Court on Defendant Wabash National Corporation's Motion to
13
      Stay Discovery and Related Deadlines (#17), filed on November 27, 2013.  The Court also
14
      considered Plaintiff's Response (#19), filed on December 11, 2013, and Defendant's Reply (#20),
15
      filed on December 23, 2013.  Defendant seeks a stay of discovery until the Motion to Dismiss (#7)
16
      is decided.  It argues that the Motion to Dismiss (#7) is potentially dispositive without additional
17
      discovery and it cannot conduct discovery until an order is issued.
18
                                          **DISCUSSION**
19
              Courts have broad discretionary power to control discovery including the decision to allow
20
      or deny discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  An overly
21
      lenient standard for granting a motion to stay would result in unnecessary delay in many cases.
22
      That discovery may involve inconvenience and expense is not sufficient to support a stay of
23
      discovery.  *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev.
24
      1997).[1]  Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff
25
      will be unable to state a claim for relief.  *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D.
26
      Nev. 2011); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*).
27

28
      _____
           [1]  As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket
      stay of all discovery."  278 F.R.D. at 603.

1    Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why

2    discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th

3    Cir.1975)).

4          The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

5    discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. V. City of L.A.*,

6    163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the

7    need for expeditious resolution of litigation and stating that if the Federal Rules contemplated a

8    motion to dismiss under Rule 12(b)(6) would stay discovery, then they would contain such a

9    provision).  Ordinarily a pending dispositive motion is not "a situation that in and of itself would

10    warrant a stay of discovery." *See Turner*, 175 F.R.D. at 555-56 (*quoting Twin City Fire Ins. v.*

11    *Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)).  To establish good cause for

12    a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion.  *Id.*

13    Common examples of situations in which good cause has been found are when jurisdiction, venue,

14    or immunity are preliminary issues.  *Id*.

15          Further, the Ninth Circuit has held that under certain circumstances, a district court abuses

16    its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive

17    motion.  *See, e.g., Alaska Cargo Transport, Inc. v. Alaska R.R., Corp.*, 5 F.3d 378, 383 (9th Cir.

18    1993) (stating the district court would have abused its discretion in staying discovery if the

19    discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan*,

20    833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying

21    discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v.*

22    *Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (holding the propriety of a class action

23    cannot be determined in some cases without discovery, and to deny discovery in such cases is an

24    abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (stating

25    that the better and more advisable practice is for the district court to allow litigants an opportunity

26    to present evidence concerning whether a class action is maintainable, and such an opportunity

27    requires "enough discovery to obtain the material").

28          On the other hand, the purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable a

1   defendant to challenge the legal sufficiency of a complaint without subjecting it to discovery.

2   *Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  The Ninth Circuit has

3   held that discovery at the pleading stage is only appropriate where factual issues are raised by a

4   Rule 12(b) motion and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a

5   protective order.  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on*

6   *other grounds*, *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir.2007) (en banc).  Under

7   Federal Rule of Civil Procedure 26(c), the court may limit the scope of disclosures or discovery on

8   certain matters and prevent certain matters from being inquired into upon a showing of good cause

9   or where "justice requires to protect a party or person from annoyance, embarrassment, oppression,

10  or undue burden or expense."  *Id.*  However, a party seeking a protective order must show a

11  particular and specific need for the protective order, and broad or conclusory statements concerning

12  the need for protection are insufficient.  *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D.

13  Cal. 1990).

14      In evaluating the propriety of an order staying or limiting discovery while a dispositive

15  motion is pending, this Court considers the goal of Federal Rule of Civil Procedure 1, which

16  provides that the Rules shall "be construed and administered to secure the just, speedy, and

17  inexpensive determination of every action."  *Id.*  Discovery is expensive.  This Court is persuaded

18  that the standard enunciated by Judges Reed and Hunt in *Twin City*, 124 F.R.D. 652, and *Turner*,

19  175 F.R.D. 554, should apply in evaluating whether a stay of discovery is appropriate while a

20  dispositive motion is pending.  With Rule 1 as its prime directive, this court must decide whether it

21  is more just to speed the parties along in discovery while a dispositive motion is pending or to delay

22  discovery to accomplish the inexpensive determination of the case.

23      The Court finds that the Defendant has not made the strong showing necessary to support

24  the requested stay.  Defendant contend that Plaintiffs' three claims, negligence, strict product

25  liability, and warranty of implied fitness, should be dismissed as a matter of law.  *See* Def.'s Mot.

26  #7.  In doing so, Defendants argue that Plaintiffs failed to state the duty of care and events

27  constituting breach for the negligence claim, the alleged defect and type for the strict product

28  liability claim, and horizontal privity for the warranty of implied fitness claim.  Consequently,

1    Defendant asserts that staying discovery is warranted because the Motion to Dismiss is potentially

2    dispositive of the entire action.  In contrast, Plaintiff contends that the mere filing of a motion to

3    dismiss, without more to indicate that Plaintiff is unable to state a claim, is insufficient to warrant a

4    stay of discovery.  The Court agrees that Defendant has not provided sufficient proof that resolution

5    of the Motion to Dismiss (#7) would be dispositive of the entire action.  The Court's preliminary

6    peek at the Motion to Dismiss reveals that it does not raise preliminary issues of jurisdiction,

7    venue, and immunity.  Additionally, although it may be granted with respect to the claim for

8    warranty of implied fitness, it is unlikely to resolve the entire action because Plaintiffs may be

9    given leave to amend their complaint and the Court is not convinced that Plaintiffs are unable to

10   state a claim for relief.

11          Moreover, the Court has considered Rule 1's directive to secure the speedy and inexpensive

12   determination of this action.  Defendant is correct that the Motion to Dismiss (#7) is fully briefed

13   and Plaintiffs do not allege that they require discovery to oppose the motion.  However, the Court

14   finds that a stay of all discovery pending the resolution of the motion would be counter to Rule 1's

15   goal of a speedy resolution of cases.  Finally, the Court notes that the Defendant did not meet with

16   Plaintiffs prior to filing the motion to stay in accordance with Local Rule 26-7.  Without

17   information from a consultation, the Court lacks the ability to assess the breadth of the discovery

18   and the prejudice, if any, that Defendant will suffer in conducting discovery. *See Brooks v. Macy's,*

19   *Inc.*, 2010 WL 5297756, *2 (S.D.N.Y. 2010).  In addition, Defendant indicates that discovery is

20   continuing in the two related cases and staying discovery in this case would prevent duplication and

21   costs.  The Court is not persuaded that conducting discovery in this case would result in duplication

22   or unnecessary expense and encourages the parties to meet and confer to prevent such an

23   occurrence.  Accordingly, the Court finds that stay of discovery until the Motion to Dismiss (#7) is

24   resolved is not warranted at this time.

25          Based on the foregoing and good cause appearing therefore,

26          **IT IS HEREBY ORDERED** that Defendant Wabash National Corporation's Motion to

27   Stay Discovery and Related Deadlines (#17) is **denied**.

28

1    DATED this 26th day of December, 2013.

2

3

4                                                    _____
     **C.W. Hoffman, Jr.**
5    **United States Magistrate Judge**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28