# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JESSE CRUZ, *et al*.,

    Plaintiffs,

v.

WABASH NATIONAL
CORPORATION,

    Defendant.

Case No. 2:12-cv-1627-LDG (VCF)

**ORDER**

In their complaint, the plaintiffs allege that on April 17, 2010, plaintiff Jesse Cruz "was forced to pull over on the side of the road due to a defect in the trailer" that defendant Wabash National Corporation built in 1998.  Wabash moves to dismiss (#7), which motion the plaintiffs oppose (#8).  Having considered the arguments and the complaint, the Court will grant the motion.

Motion to Dismiss

The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiffs' complaint states "a claim upon which relief can be

1   granted."  In ruling upon this motion, the court is governed by the relaxed requirement of

2   Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim

3   showing that the pleader is entitled to relief."  As summarized by the Supreme Court, a

4   plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that

5   is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

6   Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's

7   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels

8   and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

9   *Id.*, at 555 (citations omitted).  In deciding whether the factual allegations state a claim, the

10  court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . .

11  dismissals based on a judge's disbelief of a complaint's factual allegations."  *Neitzke v.

12  Williams*, 490 U.S. 319, 327 (1989).  Further, the court "construe[s] the pleadings in the

13  light most favorable to the nonmoving party."  *Outdoor Media Group, Inc. v. City of

14  Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

15          However, bare, conclusory allegations, including legal allegations couched as

16  factual, are not entitled to be assumed to be true.  *Twombly*, 550 U.S. at 555.  "[T]he tenet

17  that a court must accept as true all of the allegations contained in a complaint is

18  inapplicable to legal conclusions."  *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949

19  (2009).  "While legal conclusions can provide the framework of a complaint, they must be

20  supported by factual allegations."  *Id.,* at 1950.  Thus, this court considers the conclusory

21  statements in a complaint pursuant to their factual context.

22          To be plausible on its face, a claim must be more than merely possible or

23  conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the

24  mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the

25  pleader is entitled to relief."  *Id.,* (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual

26  allegations must push the claim "across the line from conceivable to plausible."  *Twombly.*

2

550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim.  *Id.*, at 567.

An indicator that the plaintiffs' complaint is deficient is when their opposition, as in this case, begins by reciting facts not alleged in the complaint.  In considering the motion, however, the Court is limited to considering the facts alleged in the complaint, not facts that the plaintiff could have pled.  Regardless of whether the plaintiffs could have sufficiently pled how the trailer was defective (and without deciding whether their opposition asserts sufficient facts to support claims for negligence and strict products liability), they did not do so in their complaint.  Accordingly, dismissal of these claims is appropriate.

As to plaintiffs' claim for breach of the implied warranty of fitness, Wabash correctly notes that such a claim in Nevada requires horizontal privity.  *See Long v. Flanigan Warehouse Co.,* 79 Nev. 241, 246, 382 P.2d 399 (Nev. 1963).  The plaintiffs' reliance upon *Hiles Co. v. Johnston Pump Co. of Pasadena, Cal.*, 93 Nev. 73, 560 P.2d 154 (Nev. 1977) is plainly misplaced, as that decision recognized the well-established point that "*vertical* privity is not required in actions for personal or property injury caused by defective products."  *Id.* at 78 (emphasis added).[1]  Further, given that the plaintiffs limit their opposition to arguing that Nevada "dispensed with the privity requirement," and have not suggested they could allege horizontal privity, the Court will dismiss this claim with prejudice.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendant Wabash National Corporation's Motion to Dismiss (#7) is GRANTED as follows: Plaintiffs' First and Second Causes of Action are

---

[1]    The plaintiffs' quotation of this language while omitting the word "vertical" is not well-taken, particularly as the court in *Hiles* expressly distinguished *Long* because *Long* "dealt with horizontal, not vertical privity. . . ."  93 Nev. at 78.

DISMISSED without prejudice; Plaintiffs' Third Cause of Action is DISMISSED with prejudice.

DATED this _____18_____ day of March, 2014.

_____
Lloyd D. George
United States District Judge