RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055

PATRICK K. McKNIGHT, ESQ.
Nevada Bar No. 4120
7473 W. Lake Mead Blvd., Ste. 100
Las Vegas, Nevada 891128
pmlaw@cox.com
T: (702) 822-6800
F: (800) 604-7015
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JESSE CRUZ, MARIA CRUZ, and
GEOVANY MARTINEZ,

        Plaintiffs,

   vs.

WABASH NATIONAL CORPORATION;
MERITOR, INC.; DOES I through XX,
inclusive and ROE BUSINESS ENTITIES I
through XX, inclusive,

        Defendants.

Case No.:      2:12-cv-01627-RCJ-CWH
Consolidated with:
           02:11-cv-00342-LDG-VCF

**RESPONSE TO DEFENDANT MERITOR, INC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

     COMES NOW the Plaintiffs, by and through their attorneys of record, Patrick K. McKnight, Esq. and Ramzy Paul Ladah, Esq., and hereby posses opposes Defendant Meritor's Motion to Dismiss.  This Opposition is based upon the papers and pleadings on file, the attached Points and Authorities, and upon any oral argument permitted at the hearing of this matter.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

200111 / 2025

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2   Defendant Meritor was one of thousands of suppliers to trailer manufacturer and co-
3   defendant Wabash. Plaintiffs could not through any reasonable pre-complaint inquiry have ever
4   discovered either the name or role of an equipment supplier like Meritor in the design and
5   manufacture of the defective cross over brake line at issue in this case. It was only through
6   Wabash's response to Plaintiff's discovery that Meritor emerged as having some potential role in
7   the location of the defective brake lines at issue. Since Plaintiff had clearly plead the same claims
8   against Doe Defendants in its state-filed complaint, and timely substituted Meritor in upon
9   learning of its role in the design of the braking system, Nevada's "relation back" doctrine
10  applies, relating the original filing of the complaint to Meritor for purposes of statute of
11  limitations.

12  **I.  FACTS**

13  Damage to the brake air line on a trailer being towed by Plaintiff Cruz forced him and co-
14  Plaintiff Martinez to an emergency stop on a busy and dark freeway, where another driver ran
15  into the back of Cruz' trailer and caused a massive explosion.

16  The cross-over air line in question was designed and built so it suspended horizontally
17  less than two feet from the ground on the undercarriage of the trailer. The cross-over line was in
18  front of the axle and had no plate or other protection, leaving it completely vulnerable to
19  disruption from common road debris. As is common in semi-trailers, a loss of air pressure leads
20  to a lock up of the brakes. Even a slight crack or hole in the air line can deplete the air and force
21  a driver on a busy highway to come to a sudden stop as the brakes lock.

22  During his usual mail run from California to Las Vegas, Cruz was driving in tandem with
23  Martinez. A black common tire tread lay coiled like a snake in Cruz' path, hidden against the
24  black pavement and dark, moonless night. Cruz saw the tread late, but at 65 mph, believed it was
25  safer to pass over it rather than risk an emergency lane change. The tire tread struck the low-
26  hanging cross-over air line and Cruz's brakes began to drag.

27  / / / / /

28  / / / / /

**LADAII LAW**
— F I R M —

1    Not certain what was causing the problem, Cruz pulled to the side of the road. The brakes

2    completely locked before Cruz got his trailer completely off the road, with about three feet of his

3    rear left corner intruding into the travel lane. Martinez stopped to help. While the two Plaintiffs

4    were examining the brake line damage, the driver of another semi truck ran into the rear of Cruz'

5    trailer causing a massive explosion which injured Cruz and Martinez.

6    The claim at issue is based upon negligence and products liability for suspending an

7    unprotected, rigid cross-over air line in front of the axle, leaving the air line vulnerable to

8    damage from common road debris. Most trailer designs, even those found on other Wabash

9    trailers, protect their air lines by routing them up along the frame and behind the axle.

10   **II.    PROCEDURAL HISTORY**

11   The action was brought in state court originally against Wabash and Does I through XX

12   and Roe Business Entities I through XX on April 17, 2012. Wabash removed the case to Federal

13   court based upon Diversity Jurisdiction (Sept. 14, 2012 **Document 1 on file**) and filed a Motion

14   to Dismiss for failure to state a claim (July 19, 2013 **Document 7 on file**). The Court granted the

15   Motion with leave to amend (March 18, 2014 **Document 26 on file**).

16   Even though the Motion to Dismiss was pending, Plaintiffs did not sit on their laurels.

17   Plaintiffs opposed Wabash' attempt to stay Discovery. (**Document. 19 on file**) Though the Court

18   denied the Motion to Stay discovery on December 26, 2013 (**Document 39 on file**) Plaintiffs did

19   not wait and sent out Discovery requests on Oct. 28, 2013 requesting the identify of all parties

20   who contributed to the design and manufacture of the air line in question. **Exhibit 1**.

21   The process has been painful and not always productive as Wabash has not been fully

22   forthcoming in its answers to Discovery. Meritor was one among six names of third parties who

23   had contributed something to the braking system, but as the Court can see, the roles of each of

24   those named was less than sufficient to make an adequate determination as to liability:

25       From review of its sales records, the brake systems selected for the subject trailer
         contained several component parts, each designed by different entities. This
26       included a Bendix service valve, a Tramec emergency valve, Dayton brake drums,
         MGM brake chambers, Abex brake linings, and Rockwell axles manufactured by
27       what is now known as Meritor.

28   Wabash Answers to Interrogatories No. 3, **Exhibit 2,** p. 5, dated Jan. 17, 2014.

1   This Answer was not fully responsive and was insufficient to determine what any of these

2   named parties had done in connection with the selection and routing of the air line, prompting a

3   meet and confer telephone conference April 4, 2013 that led to Wabash's more specific assertion

4   that Meritor had designed the brake line configuration in **Exhibit 3.** Around this same time, the

5   Court had granted leave to amend on March 3, 2014 (**Document 26 on file)** the Complaint for

6   the sole purpose of more specificity by the Defendants, and since the Plaintiffs now had more

7   specificity from recent discovery both as to Wabash and Meritor, the Amended Complaint

8   provided the detail for both parties. As part of its responsive Pleadings, the Plaintiffs included a

9   copy of the Proposed Amended Complaint that included Meritor as a named defendant on April

10   4, 2014 (**Document 31 on file).**

11   The Amended complaint provided more details, but was still based on the original claims

12   made against Doe Defendants. The original claims as pled were sufficient for the information

13   reasonably available to Plaintiffs at the time, as well as for the requirements for a Complaint

14   filed in state Court, which has a different pleading standard than in Federal Court.

15   **III.    LEGAL ANALYSIS**

16   ***Nevada's Relation Back Doctrine Applies***

17   This Motion is properly analyzed under NRCP 10, which allows for a relation back of the

18   Statute of Limitations to the time of the filing of the Original Complaint. Rumberg v. Weber

19   Aircraft Corp. 424 F.Supp. 294 (D. Cal. 1976).

20   A federal court sitting in diversity must apply the substantive law of the forum, see, e. g.,

21   Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Hanna v. Plumer, 380

22   U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8, including state statutes of limitations, Guaranty Trust Co.

23   of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

24   / / / / /

25   / / / / /

26   / / / / /

27   / / / / /

28   / / / / /

1    In a case similar to the case at bar, the Federal District Court in <u>Rumberg</u>, above, held

2  that it was proper to apply California's rules of civil procedure to allow the adding of defendant

3  after the statute of limitations had passed. Like in this case, the Plaintiff in <u>Rumberg</u> had filed a

4  timely complaint in state court against a manufacturer for defective vehicle (a fighter jet), and

5  included liability for "Doe Defendants." Just like this case, the Plaintiff did not include the

6  identity of one of the manufacturers of one of the components of the ejection system, and later

7  added the defendant through an Amended Complaint after the initial statute of limitations had

8  run.

9    In ruling that the statute of limitations did not prevent the Plaintiff from adding the

10  defendant to the action, the Federal District Judge reasoned that the California rules of civil

11  procedure governing the replacing of Does was a substantive matter that the federal court must

12  follow:

13    California's substantive policy to allow a plaintiff who begins his lawsuit within a
      year of its accrual three more years to ascertain the identity of unknown

14    defendants is implemented through the procedural mechanism of "Doe"
      allegations provided in CCP s 474. … The court finds that California's policy,

15    embodied in CCP ss 340(3), 474, and 581a, to provide a plaintiff extra time to
      seek out unknown defendants can be conceptually divorced from the merely

16    procedural pleading device of "Doe" allegations. Accordingly, this court can
      apply California's qualified four-year limitations period without requiring

17    compliance in this forum with an implementing state procedural mechanism
      eschewed for other reasons, see pp. 299 and 300 infra, by a local federal rule.

18

19  <u>Rumberg</u> at 298.

20    Further, the Court also noted that it was persuaded by "California's policy in favor of

21  litigating cases on their merits requires that the fictitious name statute be liberally construed." <u>Id.</u>

22  at 297.

23    ***Applying Nevada's Law on Doe Defendants***

24    Nevada allows the naming of a defendant after the statute of limitations has run where the

25  Plaintiff has filed a timely complaint and has pled by a fictitious name such as Doe. NRCP 10

26  states:

27  /////

28  /////

**(a)  Caption; Names of Parties.**   Every pleading shall contain a caption setting forth the name of the court and county, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. A party whose name is not known may be designated by any name, and when the true name is discovered, the pleading may be amended accordingly.

The Nevada Supreme Court has given a liberal interpretation to NRCP 10. In Nuremberger Hercules v. Virostek, 107 Nev. 873, 822 P.2d 1100 (1992), the Court ruled that it was proper to amend the complaint under NRCP 10(a) to allow the Plaintiff to add the manufacturer of a moped after the statute of limitations had run. The Supreme Court made it clear that, just like in the Rumberg case, claims should be heard on the merits and should not be frustrated because Plaintiff was not aware of other parties at the time of filing:

> We commence with the premise that meritorious causes of action should not be frustrated where, despite reasonable diligence, the true identity of culpable parties is uncertain or unknown to plaintiff or plaintiff's counsel.

Id. at 878.

1. The Nevada Court laid out three elements of utilizing Rule 10. The first is to name a Doe Defendant.

As Meritor has acknowledged, the Plaintiffs did this.

2. The second element is to plead a "clear correlation between the fictitious defendants and the pleaded factual basis for liability." Id. at 881.

Plaintiff has also done this. As the Nevada Court explained what this means:

> Second, it should be clear that fictitious defendants may not be properly included in a complaint merely as a precautionary measure in the event **theories of liability other than those set forth in the complaint** are later sought to be added by amendment. Id.

The Nevada Supreme Court said it wants to be sure that the Plaintiffs indicate their intent to sue the responsible parties:

> [I]t is equally obvious that Virostek intended to sue the parties responsible for manufacturing, designing and marketing the defective Sachs moped that caused his injuries, and that he was not totally certain of their true identities. Id. at 879.

In the case at hand, Plaintiffs' initial Complaint sufficiently pled the SAME THEORIES of liability as it later pleads against Meritor: Defective brake design and manufacture.

6

In the original Complaint, Plaintiffs pled:

9. JESSE CRUZ was forced to pull over on the side of the road due to a defect in the trailer and during that emergency stop, another vehicle struck the trailer injuring JESSE CRUZ and GEOVANY MARTINEZ.
…
11. **Defendants** and each of them were negligent
…
14. **Defendants** designed and manufactured and sold the trailer which was defective and unreasonably dangerous which led to the Plaintiff's injuries.
…
17. That **Defendants** breached their warranty of implied fitness.

**Exhibit 4**, p. 3, emphasis added.

Just as in <u>Nuremberger</u>, the Plaintiff in the case at bar identified Does and Roes as "Defendants" and pled the same claims in its initial complaint as it did in its amended complaint. Plaintiffs in this case sued Defendants" for defective design and manufacture of the brake lines. As the Court can see, "Defendants" is plural, and includes Does and Roes. This is the basis of the claims against Meritor and is a "clear correlation between the fictitious defendants and the pleaded factual basis for liability" against Meritor. The claims did not change. There were no new claims added under different theories of liability.

Moreover, in <u>Nuremberger</u>, the Plaintiff did not name the manufacturer of the moped even though he knew the moped was the cause of the accident. In the case at bar, Plaintiffs did not know and could not have guessed or learned through reasonable means that the axle manufacturer would have designed the routing and selection of air lines.

3.   Meritor does not argue, and thus admits, that Plaintiffs satisfied the third element, diligence.

Plaintiffs knew the trailer had been designed and built by Wabash. But Plaintiffs did not know, and could not have known through reasonable inquiry, what other parties may have contributed to the brake line system at issue. Only through filing and discovery could such a determination be made. Plaintiffs were diligent in pursuing discovery on this issue by sending Interrogatories even BEFORE the court allowed discovery to begin, and specifically requested the identity of all parties who were involved in the design and manufacture of the brake lines.
/ / / / /

1    Only Wabash had access to this information, and even they have indicated the difficulty in

2    providing the information.

3          Moreover, in this case, Plaintiffs not only did *not* know the name of Meritor, they could

4    not even have known what role a third party like Meritor would have played in the process.

5    There are thousands, if not millions of parts suppliers for a trailer like the one in question. Some

6    merely provided bolts and hoses, and no doubt, some provided assembled components, such as

7    axles and air tanks. It is unreasonable, if not impossible, to try to imagine every scenario in

8    which a third party defendant could have contributed to the design and manufacture of cross over

9    brake lines such that each possible scenario could have been outlined in detail in a Complaint.

10   Such a document would necessarily (and unreasonably) be thousands of pages as the Plaintiffs

11   try to satisfy Meritor's fantasy world of pleading to capture every Doe imaginable.

12         The design and manufacturing of a trailer is complex by its nature. Plaintiffs are not

13   vehicle manufacturers and do not know the intricacies and complexities of all that is involved in

14   designing and manufacturing such a unit. It was obvious Wabash designed and manufactured,

15   but it was not obvious whether they employed independent parties in the process. Plaintiffs did

16   not know who, if anyone, was part of the design and manufacturing team, so it generalized

17   "Defendants" as a plural unit so as to include any others who may later be identified as part of

18   the design team.

19   **IV.    CONCLUSION**

20         Plaintiffs respectfully request this Court deny the motion.

21         DATED this 18th day of August, 2014.

22                                                **LADAH LAW FIRM**

23                                                */s/ Ramzy Paul Ladah, Esq.*

24                                                _____
                                                  RAMZY PAUL LADAH, ESQ.

25                                                Nevada Bar No. 11405
                                                  517 S. Third Street

26                                                Las Vegas, NV 89101
                                                  Attorneys for Plaintiffs

27

28

**LADAH LAW FIRM**

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), on this 18th day of August, 2014, a true and complete copy of **RESPONSE TO DEFENDANT MERITOR, INC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** was served on the following interested parties by the action(s) indicated below:

| | |
|---|---|
| Patrick McKnight, Esq.<br>7473 W. Lake Mead Blvd., Ste. 100<br>Las Vegas, NV  89128<br>Fax: 800.604.7015<br>Co-Counsel for Plaintiffs<br>Jesse Cruz, Maria Cruz, & Geovany Martinez | Bruce Scott Dickinson, Esq.<br>Michael E. Hottman, Esq.<br>Steven K. Gage, II, Esq.<br>Stephenson & Dickinson<br>2820 W. Charleston Blvd., Suite 19<br>Las Vegas, Nevada 89102<br>Fax:  702-474-7237<br>Attorney for Defendants<br>Danny Durbin, Navistar, Inc. & Champion<br>Transportation Services, Inc. |
| Anne E. Padgett, Esq.<br>Dylan P. Todd, Esq.<br>Wade M. Hansard, Esq.<br>McCormick Barstow<br>8337 W. Sunset Rd., Ste. 350<br>Las Vegas, NV 89113<br>Fax: 702.949.1101<br>Attorneys for Counter-Defendant/Consul<br>Defendants<br>Jesse Cruz, Geovany Martinez; Glory Clemons-<br>Brown, Manuel A. Solarzano, Salvador Villalobos | Todd A. Bresney, Esq.<br>Kanoski Bresney<br>237 E. Front St.<br>Bloomington, IL 61701<br>Fax: 309.829.8499<br>Attorney for Plaintiff<br>Karen Wilson |
| Douglas W. Rennie, Esq.<br>Montgomery Rennie & Jonson<br>36 E. 7th St., Ste. 2100<br>Cincinnati, OH 45202<br>Fax: 513.241.8775<br>Attorney for Defendants<br>Danny Durbin, Navistar, Inc. & Champion<br>Transportation Services, Inc. | Craig A. Newby, Esq.<br>Pat Lundvall, Esq.<br>Jeffry S. Riesenmy, Esq.<br>McDonald Carano Wilson<br>2300 W. Sahara Ave., #1200<br>Las Vegas, NV 89102<br>Fax: 702.873.9966<br>Attorney for Defendant<br>Wabash National Corporation |
| Ronald D. Rosengarten, Esq.<br>Rosengarten & Associates<br>23801 Calabasas Rd., Ste. 1015<br>Calabasas, CA 91302<br>Fax: 818.225.5077<br>Attorney for Intervenor<br>Imperium Insurance Co. | Brian E. Holthus, Esq.<br>Jolley Urga Wirth Woodbury & Standish<br>3800 Howard Hughes Pkwy., #1600<br>Las Vegas, Nevada 89169<br>Fax: 702.699.7555<br>Attorney for Intervenor<br>Imperium Insurance Co. |
| Reeve J. Segal, Esq.<br>Denenberg Tuffley | Richard D. Young, Esq.<br>Travis W. Brandt, Esq. |

LADATI LAW FIRM

1   10250 Constellation Blvd., Ste. 2320          Bell & Young
    Los Angeles, CA 90067                         4001 Meadows Lane
2   Fax: 310.284.9089                             Las Vegas, NV 89107
    Attorney for Intervenor/Counter-Claimant      Fax: 702.878.2800
3   Lexington Insurance Co.                        Attorney for Intervenor/Counter-Claimant
                                                   Lexington Insurance Co.
4   Loren S. Young, Esq.                           Todd A. Cavanaugh, Esq.
    Lincoln Gustfason & Cercos                     Yukevich Cavanaugh
5   3960 Howard Hughes Pkwy., Ste. 200             355 S. Grand Ave., 15th Floor
    Las Vegas, NV 89169                            Los Angeles, CA  90017
6   Fax: 702.257.2203                              Fax: 213.362.7788
    Attorney for Defendant Jesse Cruz              Attorney for Defendant Meritor, Inc.
7
    Rosemary Missisian, Esq.
8   Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
    6385 S. Rainbow Blvd., Suite 400
9   Las Vegas, NV  89118
    Fax: 702.938.3864
10  Attorney for Defendant Meritor, Inc.

11  Method of Service

12  ☒   **U.S. First Class Mail:** I deposited a true and correct copy of said document(s) via U.S.
        First Class mail, with postage pre-paid.
13
14  ☐   **Facsimile:** I caused said document(s) to be transmitted by facsimile transmission. The
        sending facsimile machine properly issued a transmission report confirming that the
15      transmission was complete and without error.

16  ☐   **Electronic Mail:** I caused said document(s) to be delivered by emailing an attached
        Adobe Acrobat PDF of the document to the email address(es) identified below.
17
18  ☒   **Electronic Service:** I caused said document(s) to be delivered by electronic means upon
        all eligible electronic recipients via the United States District Court CM/ECF system

19

20

21                                          _____
                                                   */s/ Crystal Y. Case*
22                                          An employee of Ladah Law Firm

23

24

25

26

27

28

# EXHIBIT 1

1 | RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
2 | **LADAH LAW FIRM**
517 S. Third Street
3 | Las Vegas, NV 89101
litigation@ladahlaw.com
4 | T: 702.252.0055
F: 702.248.0055
5 | Attorneys for Plaintiff

6

### UNITED STATES DISTRICT COURT

7

### DISTRICT OF NEVADA

8

9 | JESSE CRUZ, and individual; MARIA CRUZ, an individual; and GEOVANY MARTINEZ, an individual,

10 | Plaintiffs,

Case No.:        2:12-cv-01627-RCJ-CWH

11

12 | vs.

13 | WABASH NATIONAL CORPORATION; DOES I through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive,

**INTERROGATORIES TO DEFENDANT (FIRST SET)**

14

15 | Defendants.

16

17 | TO:   Defendant Wabash National Corporation, and its counsel, CRAIG NEWBY, ESQ.:

18 |       COMES NOW, Plaintiffs, by and through their attorneys of record, RAMZY PAUL

19 | LADAH, ESQ. and PATRICK K. McKNIGHT, ESQ., and hereby requests that Defendant

20 | WABASH NATIONAL CORPORATION answer in writing, under oath, the following

21 | Interrogatories pursuant to FRCP 33, within thirty (30) days from service hereof.

22 |       NOTE:   Answers to the interrogatories must include not only information in your

23 | personal knowledge and possession but also any and all information available to you, including

24 | information in the possession of any of your current or former agents, attorneys, accountants or

25 | employees.  If a claim of privilege is made as to any information or document sought by these

26 | interrogatories, you must specify the basis for privilege and describe the information or

27 | document claimed to be privileged.

28 | / / / / /

200111 / 2025

# PRELIMINARY STATEMENT

The following preliminary statement and definitions apply to each of the Interrogatories set forth hereinafter and are deemed to be incorporated therein:

1.    The singular number and the masculine gender as used herein also mean the plural, feminine or neuter as may be appropriate.

2.    These Interrogatories call for all information (including information contained in writings) as is known or reasonably available to Defendant's attorneys or any investigators or representatives or others acting on Defendant's behalf or under Defendant's direction or control.

3.    Wherever you are asked to "identify" or "describe" a thing, or a writing, please state either:

    a.    A full description thereof, including without limitations:

        1.    The date it bears;

        2.    The name of each person who prepared it or participated in any way in its preparation;

        3.    The name of each person who signed it;

        4.    The name of each person to whom it or a copy of it was addressed;

        5.    The name of each person who presently has custody of it or a copy of it;

        6.    Its subject matter and its substance; or

    b.    That you will voluntarily make it available to counsel for Applicant for inspection and copying at a mutually convenient time and place.

4.    A request that Defendant state the source of information about certain facts includes a request that Defendant state the means by which such knowledge has been preserved; if such source of information of facts is an oral communication, its date of origin, sender and recipient should be stated; if such source of preservation is a writing; its date of origin, its nature, originator, recipient and last known custodian should be stated.

5.      The term "writing" or "document" as used in these Interrogatories includes, but is not limited to, any record, minutes of meetings, agreement, contract, memorandum,  e-mails, text messaging, fax, electronic message of any kind map, diagram, illustration, photograph, telegram, written analysis, report, recordings, transcriptions and memoranda made of any telephone communication or face to face oral meeting or conversation, written communication (which includes, but is not limited to, any letter, inter office communication or telegram), paper, book, or other document.  It includes the original, any copy and any draft thereof.

6.      As to each individual identified in the answer to any Interrogatory, state:

    a.      His or her name;

    b.      His or her last known address;

    c.      His or her occupation;

    d.      His or her last known business affiliation;

    e.      Whether any statement pertaining to any matter involved in this litigation, whether written or oral, or by recording device or by a court reporter, or whether signed or unsigned, has been taken from him or her; if so, how many such statements and as to each such statement, the following:

        1.      The identity of each person taking such statement and the relationship, if any, of that person to Defendant;

        2.      The date of such statement;

        3.      The identity of the employer of the person giving the statement and when the statement was given;

        4.      The identity of the person who presently has possession of, or control over, such statement, or of any recording or transcription thereof, or if not known, the identity of the person who last had such possession or control.

7.      Whenever you are unable to state an answer to these Interrogatories based upon your own personal knowledge, please so state, or instead identify the persons you believe to have such knowledge, what you believe that correct answer to be and the facts upon which you base your answer.

8.    Whenever a question is directed to "you", the question is directed to the Defendant answering these Interrogatories, and includes its officers, directors, management, employees and agents who act on its behalf.

9.    The term "subject trailer" or "subject vehicle" is referring to the Wabash Trailer VIN 1JJV532Y8WL427002.

**INTERROGATORY NO. 1:**

State the correct name and mailing address of this Defendant, as well as the name and address of any person(s) assisting in answering these interrogatories.

**INTERROGATORY NO. 2:**

State the date of manufacture of the subject vehicle, the date it left this Defendant's control, and who it was sold to as well as the name and address of the facility where the vehicle was manufactured.

**INTERROGATORY NO. 3:**

State the names and addresses of all persons primarily responsible for the design, engineering and safety engineering of the brakes and brake air lines for the subject vehicle, including department heads as well as those directly involved in the design and testing.

**INTERROGATORY NO. 4:**

Identify any and all studies, analyses or tests this Defendant has conducted or performed with regard to the subject vehicle's brake air lines exposure to damage from road debris or objects, and for each state the following:

    (a)    The number of such tests that were performed;

    (b)    A description of the methodology for each such test;

    (c)    The name or test number by which the test results are referred;

    (d)    A summary of the test results;

    (e)    The name and address of each person involved in the performance of such tests or analyses;

/ / / / /

/ / / / /

4

**INTERROGATORY NO. 5:**

Identify any and all trailer designs manufactured by Wabash that used a brake air line that crosses over in front of the axle, and for each, state whether those designs are currently being manufactured by Wabash, and if not, when was such a design changed or discontinued, and why.

**INTERROGATORY NO. 6:**

State whether this Defendant provided any information, warnings and/or instructions to buyers and/or repairmen of the subject trailer concerning the protection and/or replacement of brake air lines, and identify any such information, warnings and/or instructions, and attach a copy.

**INTERROGATORY NO. 7:**

Have you ever received any notice, complaints, claims and/or lawsuits prior to this incident of any damage to brake air lines and if yes, identify who gave you notice, complaint, claim or lawsuit, when and how it was made, and whether the damage resulted in an accident, personal injury or property damage.

**INTERROGATORY NO. 8:**

Identify any and all discussions, oral or written, that you have had regarding any concerns by you or others about the safety of brake air lines crossing over in front of the axle exposing the line to damage from road debris and objects during travel.

**INTERROGATORY NO. 9:**

Identify any and all parts of this Defendant's defense in this case that depend or rely upon any government or industry standard, custom or practice, including:

    (a)    A citation of any government standard and the names of any publications in which those standards can be found;

    (b)    A citation to any industry standards, customs or practices, and a listing of the authorities in which those industry customs, standards or practices can be found.

/ / / / /

/ / / / /

/ / / / /

5

**INTERROGATORY NO. 10:**

State whether this Defendant has conducted any investigation into the facts of this incident and, if so, state the names and addresses of all persons or entities who have been contacted for information regarding this incident.

**INTERROGATORY NO. 11:**

Please describe and identify all alternative designs considered for the brake air lines to protect them from being damaged by debris or objects during travel, including:

(a)     The place of origin of the design;

(b)     The name and address of the primary designer or engineer for that design;

(c)     The reason the alternative design was not adopted by Wabash.

**INTERROGATORY NO. 12:**

Do you believe that the brake air line on the subject trailer on the night of the incident was the original (as it came from the factor) or a replacement? If a replacement:

(a)     Was the replacement air line installed according to your instructions?

(b)     Describe any differences between the original and the replacement air line, and the manner of installation;

(c)     Explain whether such difference made the air line more susceptible to damage from road debris or objects during travel than the original design, and how so.

**INTERROGATORY NO. 13:**

Do you believe the subject trailer was altered by anyone since its manufacture, and if so, explain what alterations you believe were made, and whether such alterations, in your opinion, caused or contributed to the damage to the brake air line and/or brakes locking up on the night of the incident.

**INTERROGATORY NO. 14:**

At any time before or since the design and manufacture of the subject trailer, did you consider that damage to the brake air line would cause the brakes to set or lock up during travel, and if so, when, and what actions did you take to minimize the risk of such?

/ / / / /

6

**INTERROGATORY NO. 15:**

At any time before or since the design and manufacture of the subject trailer, did you consider that the brake air line crossing over in front of the axle could be damaged from road debris or objects during travel, and if so, when, and what actions did you take to minimize the risk of such damage?

DATED this _5_ day of November, 2013.

**LADAH LAW FIRM**

RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
Attorneys for Plaintiff

1

## CERTIFICATE OF SERVICE

2    Pursuant to NRCP 5(b), on this ⁵ᵗ day of November, 2013, a true and complete copy

3 of **INTERROGATORIES TO DEFENDANT (FIRST SET)** was served on the following

4 interested parties by the action(s) indicated below:

5 | Pat Lundvall, Esq. | Patrick McKnight, Esq.
Craig A. Newby, Esq. | 7473 W. Lake Mead Blvd., Ste. 100
6 McDonald Carano Wilson | Las Vegas, NV 89128
2300 W. Sahara Ave., Ste. 1200 | Fax: 800.604.7015
7 Las Vegas, NV 89102 | Co-Counsel for Plaintiffs
Fax: 702.873.9966
8 Attorney for Defendants

9 Method of Service

10 ☒ **U.S. First Class Mail:** I deposited a true and correct copy of said document(s) via U.S.
First Class mail, with postage pre-paid.

11

12 ☐ **Facsimile:** I caused said document(s) to be transmitted by facsimile transmission. The
sending facsimile machine properly issued a transmission report confirming that the
13 transmission was complete and without error.

14 ☐ **Electronic Mail:** I caused said document(s) to be delivered by emailing an attached
Adobe Acrobat PDF of the document to the email address(es) identified below.

15

☐ **Electronic Service:** I caused said document(s) to be delivered by electronic means upon
16 all eligible electronic recipients via the United States District Court CM/ECF system

17

18

19 _____

20 An employee of Ladah Law Firm

21

22

23

24

25

26

27

28

8

# Send Result Report

MFP



TASKalfa 4500i

Firmware Version 2LH_2F00.004.023 2012.09.07

11/05/2013 15:00
[2LF_1000.004.006] [2K9_1100.002.001] [2LC_7000.004.019]

Job No.: 011553          Total Time: 0°06'29"          Page: 008

# Complete

Document:          doc01155320131105144824



| No. | Date and Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|---------------|-------------|-------|------|--------|----------------|
| 001 | 11/05/13 14:53 | **8739966** | 0°03'19" | FAX | OK | 200x100 Normal/Off |
| 002 | 11/05/13 14:57 | **18006047015** | 0°03'10" | FAX | OK | 200x100 Normal/Off |

1

[ N432704673 ]

# EXHIBIT 2

PAT LUNDVALL (NSBN 3761)
CRAIG A. NEWBY (NSBN 8591)
JEFFRY S. RIESENMY (NSBN 12855)
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone:    702.873.4100
Facsimile:     702.873.9966
lundvall@mcdonaldcarano.com
cnewby@mcdonaldcarano.com
jriesenmy@mcdonaldcarano.com

*Attorneys for Defendant Wabash National
Corporation*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| JESSE CRUZ, et al., | Case No.:   2:11-cv-00342-GMN-VCF |
| Plaintiffs, | CONSOLIDATED WITH:<br>Case Nos.: 2:12-cv-00051-GMN-VCF<br>2:12-cv-01627-JAD-CWH |
| vs. | |
| DANNY DURBINI, et al., | |
| Defendants. | **DEFENDANT'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Defendant Wabash National Corporation ("Wabash") hereby responds to Plaintiffs JESSE CRUZ, MARIA CRUZ and GEOVANY MARTINEZ (collectively "Plaintiffs") First Set of Interrogatories to Defendant WABASH NATIONAL CORPORATION served upon Defendant's counsel pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.  Discovery and investigation are continuing and Defendant reserves the right to supplement and amend these responses.

### GENERAL RESPONSES AND OBJECTIONS

These general objections and caveats are applicable to each and every interrogatory and response unless otherwise specified, and are incorporated into each response as though set forth in full.

1

1          1.      These responses are made solely for the purpose of this action.

2          2.      Defendant reserves the right to make any and all evidentiary objections to the

3    introduction of any of these responses and/or any information contained therein (including without

4    limitation documents) into evidence at any hearing in this case or otherwise, and reserves the right to

5    raise these objections as a bar to introduction of any of these responses or information contained

6    therein at any hearing or otherwise.  Each response is subject to all objections as to competence,

7    relevance, materiality, propriety, admissibility, and exclusion of any statement herein as if any

8    portion of the requests were asked of, or if any statement contained herein was made by, a witness

9    present and testifying in court, all of which objections and grounds are reserved and may be

10   interposed at the time of any hearing.  Plaintiffs should not imply or infer the admission of any

11   matter from these responses or any information produced, except as explicitly stated.

12         3.      These responses are based upon information presently known and ascertained by

13   Defendant.  However, Defendant has not yet completed his investigation of all the circumstances

14   relating to this dispute and has not completed discovery or preparation for trial of this matter.

15   Accordingly, the responses herein are without prejudice to utilizing subsequently discovered or

16   recalled information.  Defendant reserves the right to amend, add to, delete from, or in any other

17   manner modify these responses after it has completed its discovery and investigation efforts and has

18   ascertained all relevant facts.

19         4.      Defendant objects to each interrogatory (and any portion thereof) to the extent that it

20   purports to call for privileged information, including information protected by the attorney-client

21   privilege, work product doctrine, and/or investigative privilege.  Defendant's attorneys join in these

22   objections to the extent that the right to protect information from discovery belongs to those

23   attorneys.   In making its responses to the interrogatories, and/or in producing documents for

24   inspection and/or copying, Defendant will not produce any such privileged information.

25         5.      Defendant objects to each interrogatory (and any portion thereof) to the extent it is

26   overly or unduly burdensome, vague, ambiguous, unintelligible, uncertain, incomprehensible,

27   compound, oppressive, intrusive of the privacy or proprietary rights of Defendant and/or third

28   parties, overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

2

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE · SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 · FAX (702) 873-9966

1   evidence, fails to identify the information requested with reasonable or adequate particularity, or

2   seeks to impose upon Defendant burdens beyond those established under the Nevada Rules of Civil

3   Procedure.

4         6.    Defendant has performed reasonable inquiries in search of information as required by

5   the Federal Rules of Civil Procedure and has made reasonable, good faith effort to locate the

6   information described herein. Defendant cannot affirm, however, that "all" such information has

7   been supplied. Although Defendant believes that all such information has been produced that is

8   within its possession, custody, and/or control, Defendant will supplement these responses in

9   accordance with the applicable discovery rules in the event that Defendant discovers it has

10  inadvertently failed to provide information within its responses.

11        7.    Defendant objects to each interrogatory that uses language such as "each and every"

12  or similar broad language. Such interrogatories are onerous, burdensome, harassing, prejudicial, and

13  overly broad. Each interrogatory asking "any" and "all" or "each and every" is objectionable and

14  such an inquiry, in essence, is a request for evidence, and not discoverable information. <u>See, e.g.</u>,

15  <u>United States v. Renault Inc.</u>, 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). Moreover, Defendant has no

16  possible means of making the all-encompassing identifications such a broadly worded request

17  requires.

18        8.    Defendant objects to each interrogatory (and any portion thereof) to the extent that it

19  seeks to impose a burden upon it to search for information or documents in the possession, custody

20  or control of persons or entities other than itself for the reason that such an interrogatory is overly

21  broad and beyond the scope of discovery allowed by the Federal Rules of Civil Procedure.

22  Defendant also objects to any interrogatory that seeks to require it to search for documents or

23  information in the possession, custody or control of unnamed entities other than Defendant,

24  including but not limited to information that is in the possession, custody or control of public

25  entities, for the reason that such is unduly burdensome, expensive, harassing and beyond the

26  obligations imposed upon it by the Federal Rules of Civil Procedure.

27        9.    As stated above, Defendant objects to all interrogatories to the extent they call for

28  production of privileged and/or protected information. In the event that Defendant unintentionally

produces information which is privileged and/or protected, such production is inadvertent and without the intent to waive Defendant's privileges and/or protections applicable thereto. In the event that privileged and/or protected information is unintentionally produced, Defendant requests that all such information (including copies of any documents) be promptly returned to Defendant or its attorneys of record, and Defendant expressly reserves all objections to any use of such information in this litigation.

10.     The restatement of any specific objection in the context of these responses shall not be construed to imply waiver of any unstated objections addressed by these General Objections and Caveats, or any other applicable privilege or exemption from discovery and the counterparts under the laws of any jurisdiction that may be applicable.

**Subject to all of the foregoing objections, which are incorporated into each of the subsequent responses by this reference, Defendant responds to Plaintiffs' First Set of Interrogatories as follows:**

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the correct name and mailing address of this Defendant, as well as the name and address of any person(s) assisting in answering these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Wabash objects to this interrogatory to the extent it seeks attorney-client privileged information and attorney work product. Subject to its objections, Wabash responds as follows: Wabash National Corporation, P.O. Box 6129, Lafayette, Indiana. Assisting in answering these interrogatories were John Gabriel and Kristin Glazner, 1000 Sagamore Parkway S., Lafayette, IN 47905.

**INTERROGATORY NO. 2:**

State the date of manufacture of the subject vehicle, the date it left this Defendant's control, and who it was sold to as well as the name and address of the facility where the vehicle was manufactured.

/ / /

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to its objections, Wabash responds as follows:  Wabash assembled the subject trailer on or about September 15, 1997, releasing it for use by U.S. Xpress Enterprises, Inc. in fall 1997. The subject trailer was assembled at Wabash National, 1000 Sagamore Parkway S., Lafayette, IN 47905.

**INTERROGATORY NO. 3:**

State the names and addresses of all persons primarily responsible for the design, engineering and safety engineering of the brakes and brake air lines for the subject vehicle, including department heads as well as those directly involved in the design and testing.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to its objections, Wabash answers as follows:  Wabash did not design or engineer the brake configuration for the subject trailer.  From review of its sales records, the brake systems selected for the subject trailer contained several component parts, each designed by different entities. This included a Bendix service valve, a Tramec emergency valve, Dayton brake drums, MGM brake chambers, Abex brake linings, and Rockwell axles manufactured by what is now known as Meritor.

Wabash did not have an employee who is responsible for the design, engineering, and/or safety engineering of the brakes and brake air lines for the subject trailer.  Wabash believes that the manufacturer of the original brake air lines installed by Wabash at the time of manufacture was Parker Hannifin Corporation, who designs and manufactures its brake air lines and components in accordance with federal regulations and applicable industry standards.  Wabash was responsible for the installation of the original fittings for the brake air lines at the time of manufacture, and testing of the original air line following manufacturing of the subject trailer.  However, based on information provided by Plaintiffs, the original brake air line and fittings are no longer on the trailer and were replaced prior to the accident at issue in this case.

**INTERROGATORY NO. 4:**

Identify any and all studies, analyses or tests this Defendant has conducted or performed with regard to the subject vehicle's brake air lines exposure to damage from road debris or objects, and for each state the following:

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1    (a)    The number of such tests that were performed;

2    (b)    A description of the methodology for each such test;

3    (c)    The name or test number by which the test results are referred;

4    (d)    A summary of the test results;

5    (e)    The name and address of each person involved in the performance of such tests or

6    analysis.

7    **RESPONSE TO INTERROGATORY NO. 4:**

8    Subject to its objections, Wabash answers as follows:  Wabash did not design or engineer the

9    brakes and the brake configuration for the subject trailer, originally manufactured in 1997.

10   **INTERROGATORY NO. 5:**

11   Identify any and all trailer designs manufactured by Wabash that used a brake air line that

12   crosses over in front of the axle, and for each, state whether those designs are currently being

13   manufactured by Wabash, and if not, when was such design changed or discontinued, and why.

14   **RESPONSE TO INTERROGATORY NO. 5:**

15   Subject to its objections, Wabash answers as follows:  Wabash did not design or engineer the

16   brakes and the brake configuration for the subject trailer, originally manufactured in 1997.   The

17   brake air line that is at issue [this brake air line is one of 6 for the trailer] and is currently installed on

18   the subject trailer is not the brake air line that was installed at the time of manufacture.   Therefore,

19   Wabash's installation of the original brake air line is not relevant to this dispute.

20   **INTERROGATORY NO. 6:**

21   State whether this Defendant provided any information, warnings and/or instructions to

22   buyers and/or repairmen of the subject trailer concerning the protection and/or replacement of brake

23   air lines, and identify any such information, warnings and/or instructions, and attach a copy.

24   **RESPONSE TO INTERROGATORY NO. 6:**

25   Subject to its objections, Wabash answers as follows:  Wabash has branches and authorized

26   warranty providers throughout the United States that service trailers manufactured by Wabash.   At

27   those authorized locations, customers can seek repair of their Wabash trailers.   Repair professionals

28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE · SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 · FAX (702) 873-9966

1  at these authorized locations install replacement parts in accordance with Wabash specifications,

2  industry standards, and applicable federal regulations.

3  **INTERROGATORY NO. 7:**

4  Have you ever received any notice, complaints, claims and/or lawsuits prior to this incident

5  of any damage to brake air lines and if yes, identify who gave you notice, complaint, claim or

6  lawsuit, when are how it was made, and whether the damage resulted in an accident, personal injury

7  or property damage.

8  **RESPONSE TO INTERROGATORY NO. 7:**

9  Wabash objects to the interrogatory as overly broad to the extent it is not limited by

10  approximate time, design, or manufacturer of the brake air line at issue for the subject trailer.

11  Subject to its objections, Wabash responds as follows:   With respect to the brake air line

12  configuration of the subject trailer, which is still used in trailers of numerous assemblers and

13  manufacturers, Wabash is unaware of any notice, complaint, claim, or lawsuit for any failure or

14  other problem with respect to the brake air lines in such a configuration.  Wabash did not receive any

15  such notice or complaint from the original purchaser, who purchased more than one thousand trailers

16  with this configuration.

17  **INTERROGATORY NO. 8:**

18  Identify any and all discussions, oral or written, that you have had regarding any concern by

19  you or others about the safety of brake air lines crossing over in front of the axle exposing the line to

20  damage from road debris and objects during travel.

21  **RESPONSE TO INTERROGATORY NO. 8:**

22  Wabash objects to the interrogatory as overly broad to the extent it is not limited by

23  approximate time, design, or manufacturer of the brake air line at issue for the subject trailer.

24  Subject to its objections, Wabash responds as follows:   With respect to the brake air line

25  configuration of the subject trailer, which is still used in trailers of numerous assemblers and

26  manufacturers, Wabash is unaware of any notice, complaint, claim, or lawsuit for any failure or

27  other problem with respect to the brake air lines in such a configuration.  Wabash did not receive any

28

1  such notice or complaint from the original purchaser, who purchased more than one thousand trailers

2  with this configuration.

3  **INTERROGATORY NO. 9:**

4      Identify any and all parts of this Defendant's defense in this case that depend on or rely upon

5  any government or industry standard, custom or practice, including:

6      (a)    A citation of any government standard and the names of any publications in which

7             those standards can be found;

8      (b)    A citation to any industry standards, customs or practices, and a listing of the

9             authorities in which those industry customs, standards or practices can be found.

10  **RESPONSE TO INTERROGATORY NO. 9:**

11      Wabash objects to this interrogatory to the extent it seeks the premature disclosure of expert

12  disclosures and seeks protected attorney work-product information.   Subject to its objections,

13  Wabash answers as follows: Wabash has not yet determined its defense in full for this case, as it has

14  a pending motion to dismiss Plaintiffs' deficient complaint.   However, Wabash notes that it

15  assembles all its trailers, including the subject trailer, in accordance with all applicable federal

16  statutes and/or regulations for trailer manufacturers.

17  **INTERROGATORY NO. 10:**

18      State whether this Defendant has conducted any investigation into the facts of this incident

19  and, if so, state the names and addresses of all persons or entities who have been contacted for

20  information regarding this incident.

21  **RESPONSE TO INTERROGATORY NO. 10:**

22      Wabash objects to this interrogatory as vague to the extent investigation is an undefined

23  term. Wabash further objects to this interrogatory to the extent it seeks the premature disclosure of

24  expert disclosures. Subject to its objections, Wabash responds as follows: Wabash, upon learning of

25  two federal court cases pertaining to the same accident, began reviewing discovery and other

26  documents filed in those cases. Wabash also participated in a visual inspection of the subject trailer

27  in May 2012.

28  / / /

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

8

**INTERROGATORY NO. 11:**

Please describe and identify all alternative designs considered for the brake air lines to protect them from being damaged by debris or objects during travel, including:

    (a)    The place of origin of the design;

    (b)    The name and address of the primary designer or engineer for that design;

    (c)    The reason the alternative design was not adopted by Wabash.

**RESPONSE TO INTERROGATORY NO. 11:**

Wabash objects to this interrogatory to the extent that it mistakenly assumes that Wabash selected the brake system for the subject trailer, rather than the original purchaser.  Subject to its objections, Wabash answers as follows:  Wabash did not design the brake components or the brake configuration selected by the original customer for the purchase of the subject trailer.

**INTERROGATORY NO. 12:**

Do you believe that the brake air line on the subject trailer on the night of the incident was the original (as it came from the factor) or a replacement? If a replacement:

    (a)    Was the replacement air line installed according to your instructions?

    (b)    Describe any differences between the original and the replacement air line, and the manner of installation;

    (c)    Explain whether such difference made the air line more susceptible to damage from road debris or objects during travel than the original design, and how so.

**RESPONSE TO INTERROGATORY NO. 12:**

Wabash objects to this interrogatory to the extent that it contains discrete subparts that should each be counted as a separate interrogatory.  Subject to its objections, Wabash responds as follows: Wabash has not seen or inspected the brake air line that allegedly was on the subject trailer on the night of the incident, and understands that the brake air line is no longer possessed by Plaintiffs. Accordingly, Wabash has no first hand basis to respond to the subparts to this interrogatory. However, based on the trailer having been in service since 1997, Wabash believes it is very unlikely that the brake air line on the subject trailer on the night of the incident was the original (as it came from the factory) and that it is most likely that any brake air line would be a replacement.

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE· SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 · FAX (702) 873-9966

9

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1   Additionally, based on Wabash's review of the photograph that Plaintiffs claim depicts the air line in

2   use on the night of the accident, the air line in the photograph appears to have neither the same color,

3   length, nor material as any air line originally installed by Wabash.  Based solely on review of the

4   photograph provided by Plaintiffs, the incorrect length of the air line, as well as the apparent failure

5   of the line to elongate prior to rupture, strongly indicates that the air line may not be compliant with

6   Department of Transportation regulations for brake air lines, making it much more susceptible to

7   damage from road debris or other objects than any air line Wabash would have installed in 1997.

8   Inspection of the brake air line from the alleged accident is necessary to more fully respond to this

9   interrogatory.

10  **INTERROGATORY NO. 13:**

11      Do you believe the subject trailer was altered by anyone since its manufacture, and if so,

12  explain what alterations you believe were made, and whether such alterations, in your opinion,

13  caused or contributed to the damage to the brake air line and/or brakes locking up on the night of the

14  incident.

15  **RESPONSE TO INTERROGATORY NO. 13:**

16      Wabash objects to this interrogatory to the extent it assumes that the brakes for the trailer

17  locked up on the night of the incident and to the extent it is vague because the term "altered" is

18  undefined.  Wabash further objects to this interrogatory to the extent it prematurely seeks expert

19  information.   Subject to its objections, Wabash answers as follows:   The subject trailer

20  (manufactured in 1997) had been in service for nearly 13 years at the time of the alleged accident,

21  making it nearly certain that alterations had been made.  As set forth above in response to

22  Interrogatory No. 13, based on review of a picture provided by Plaintiffs alone, the brake air line at

23  issue was not the one installed by Wabash at the time of manufacture and may not be compliant with

24  Department of Transportation regulations for brake air lines.  Wabash is uncertain what other

25  specific alternations had been made and whether such alterations caused or contributed to the alleged

26  accident.  Discovery is ongoing and Wabash reserves the right to supplement at the appropriate

27  discovery deadlines.

28  / / /

10

1    **INTERROGATORY NO. 14:**

2         At any time before or since the design and manufacture of the subject trailer, did you

3    consider that damage to the brake air line would cause the brakes to set or lock up during travel, and

4    if so, when, and what actions did you take to minimize the risk of such?

5    **RESPONSE TO INTERROGATORY NO. 14:**

6         Subject to its objections, Wabash responds as follows:  Wabash was not the manufacturer of

7    the brakes and brake configuration on the subject trailer.  Wabash has not yet had the opportunity to

8    inspect the brake air line that was present at the time of the accident, but from review of a picture

9    provided by Plaintiffs purporting to be it, that brake air line was not installed by Wabash and may

10   not be compliant with Department of Transportation regulations for brake air lines.

11   **INTERROGATORY NO. 15:**

12        At any time before or since the design and manufacture of the subject trailer, did you

13   consider that the brake air line crossing over in front of the axle could be damaged from road debris

14   or objects during travel, and if so, when, and what actions did you take to minimize the risk of such

15   damage?

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE· SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 · FAX (702) 873-9966

11

**RESPONSE TO INTERROGATORY NO. 15:**

Subject to its objections, Wabash answers as follows Wabash was not the manufacturer of the brakes and brake configuration on the subject trailer. Wabash has not yet had the opportunity to inspect the brake air line that was present at the time of the accident, but from review of a picture provided by Plaintiffs purporting to be it, that brake air line was not installed by Wabash and may not be compliant with Department of Transportation regulations for brake air lines. Further, Plaintiffs did not have the trailer serviced by Wabash or a Wabash-authorized repair facility.

Dated this 17th day of January, 2014.

McDONALD CARANO WILSON LLP

By: /s/ Craig A. Newby
PAT LUNDVALL (#3761)
CRAIG A. NEWBY (#8591)
JEFFRY S. RIESENMY (#12855)
2300 W. Sahara Avenue, #1200
Las Vegas, Nevada 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
plundvall@mcdonaldcarano.com
cnewby@mcdonaldcarano.com
jriesenmy@mcdonaldcarano.com
*Attorneys for Defendant Wabash National Corporation*

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE- SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 · FAX (702) 873-9966

**VERIFICATION**

STATE OF INDIANA        )
                             ) ss.
COUNTY OF TIPPECANOE    )

    JOHN GABRIEL, being first duly sworn, deposes and says that he has read the foregoing **DEFENDANT'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** and knows the contents thereof and that the same is true based on his information and belief.

WABASH NATIONAL CORP.

Name: John Gabriel
Title:   Warranty Technician

SUBSCRIBED AND SWORN to before me this _17d_ day of January, 2014.

NOTARY PUBLIC

296178.1

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE· NO. 10, SUITE 1000 · LAS VEGAS, NEVADA
PHONE (702)873-4100 · FAX (702) 873-9966

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE · SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 · FAX (702) 873-9966

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 17th day of January, 2014, a true and correct copy of the foregoing **DEFENDANT'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** was served via U.S. mail, postage prepaid, upon the following:

| | |
|---|---|
| Ramzy Paul Ladah<br>517 S. Third Street<br>Las Vegas, NV 89101<br>E-mail: ramzy@ladahlaw.com<br><br>Patrick McKnight, Esq.<br>7473 W. Lake Mead, Ste. 100<br>Las Vegas, NV 89129<br>E-mail: pmlaw@cox.net | Todd Bresney<br>Kanoski Bresney<br>237 East Front Street<br>Bloomington, IL 61701<br>Email: toddb@kanoski.com<br><br>Christian Gabroy<br>Gabroy Law Offices<br>170 S. Green Valley Pkwy, Suite 280<br>Henderson, NV 89102<br>Email: Christian@gabroy.com |
| Anne E. Padgett, Esq.<br>Wade M. Hansard, Esq.<br>Jamie K. Combs, Esq.<br>McCormick, Barstow, Sheppard, Wayte &<br>Carruth LLP<br>8337 W. Sunset Road, Suite 350<br>Las Vegas, NV 89113<br>Email: Anne.padgett@mccormickbarstow.com<br>Email: Wade.hansard@ mccormickbarstow.com<br>Email: Jamie.combs @mccormickbarstow.com | Loren S. Young, Esq.<br>Lincoln, Gustafson & Cercos<br>3960 Howard Hughes Pkwy, Suite 200<br>Las Vegas, NV 89169<br>Email: lyoung@lgclawoffice.com |
| Bruce S. Dickinson, Esq.<br>Stephenson & Dickinson<br>2820 W. Charleston Blvd, Suite B-19<br>Las Vegas, NV 89102<br>Email: admin@sdlawoffice.net | Travis W. Brandt, Esq.<br>Bell & Young, Ltd.<br>4001 Meadows Lane<br>Las Vegas, NV 89107<br>Email: t_brandt@bellandyoung.com |
| Jose Castro<br>1310 Hunter Drive<br>Redlands, CA 92374 | |

/s/ Marianne Carter
An employee of McDonald Carano Wilson LLP

291342.6

# EXHIBIT 3

# LAW OFFICE OF PATRICK K. McKNIGHT

*ATTORNEY AT LAW*
**7473 W. Lake Mead, Suite 100**
**Las Vegas, Nevada 89128**
**Phone: (702) 822-6800**
**Fax: (800) 604-7015**
**Email: pmlaw@cox.net**

April 2, 2014

Craig Newby, Esq.
McDonald Carano Wilson
2300 W Sahara, Suite 1000
Las Vegas, NV 89102

Via fax: 702-873-9966
Via Email: cnewby@mcdonaldcarano.com

Re:    Cruz v. Wabash

Craig,

This will confirm the telephone conversation we had today regarding discovery in the above matter.

Because the additional attorneys from consolidation have added more time to getting everyone to agree to the confidentiality agreement, we have not yet received our first request to produce documents. And further, because the trailer in question is from 1997, your client needs additional time to review paper records that are not on computer to answer some of our key interrogatories. Thus we agreed it was in both of our clients' interests and agreed to a 90 day extension for the initial expert disclosures. We agreed to limit the extension only to experts regarding liability for the defect claims. Your office will prepare and circulate a stipulation and order.

Regarding discovery, we were able to come to agreement on most matters. We did not agree on all matters, but we agreed that we are likely to get most of the information we need from the supplemental answers discussed herein, and would therefore put off for now any disagreements on the other matters pending the information provided pursuant to our conversation today. We agreed that it was premature to discuss Answers to Admissions as much of that information may be clarified and answered with additional discovery. We reserve our right to revisit any of those other discovery issues, if need be.

**Request to Produce Documents:** We have approved the draft for confidentiality. It appears other attorneys' changes are still trickling in. Once you procure everyone's signature on the final draft, you will produce the documents in response to our Request. Since everyone has had weeks to give their input, it seems a cutoff in the next day or two would be warranted.

**Interrogatories:**
       **No. 3:** In order to make it easier to locate the relevant information, we have agreed to narrow this interrogatory to the design for the routing location of the air lines that cross over in front of the axle. You indicated that it has been very difficult to track down employees who might have had some design responsibility for the brakes in 1997. You agreed that you would go back to

your client and try to find out the names of anyone who worked there at the time who would have been involved in the decision to route that air line. You said you have a good faith belief that of all the other third parties who were identified as component manufacturers for the braking system, Meritor designed and constructed the first trailer axle and most likely designed the air line crossover configuration, but you acknowledged that there could also be a Wabash employee who designed, or had some responsibility in approving the design and you would try to identify that person(s), or at a minimum, someone at Wabash who can identify him/them.

**No. 4:** We agreed to narrow this interrogatory specifically to the air lines that cross over in front of the first trailer axle. You agreed you would supplement the answer with either the information regarding any tests performed or that no such tests were performed.

**No. 5:** We agreed that other cross over designs were relevant and you would do your best to try to track down this information. You indicated that the problem is that the documents going back to 1997 were not on computer and there were different models and custom trailers produced so it is difficult to identify which ones had similar cross over configurations. I offered to reach an agreement on limiting the time frame, but you felt you could not reach an agreement on that until you had a better understanding how this information is kept. You agreed you would go back to your client and make a good faith effort to get this information, and, if you believed it was too burdensome, you would report back to me on the conditions making it so, whereby we would meet and confer regarding this issue.

**No. 6:** We agreed you would find out what specifications were provided by Wabash and how, and if Wabash provided any official support or service manuals regarding repair of the brake airlines, and if so, identify such, and if not, amend the answer that there were none.

**No. 8:** We agreed you will amend this answer to state that Wabash is not aware of any discussions regarding the safety of brake air lines crossing over in front of the axle.

**No. 10:** We agreed you will identify the parties by name and title. We agreed that for the non-employee, we will treat him as a retained expert for Wabash and will not make any attempt to contact him regarding this case.

**No. 15:** We agreed you will amend this answer to state that Wabash is not aware that anyone considered that the brake air line crossing over in front of the axle could be damaged from road debris or objects during travel.

We discussed a time frame to respond but we hung up before we finalized such. We will grant you 15 days to provide these answers, but if you feel more time is needed after your good faith effort, please contact me with a report on what you have so far and how much more time will be needed and we will accommodate you.

*///*

If this does not comport with your understanding of our conversation, please notify me immediately. Thank you for your professionalism.


Sincerely,

Patrick K. McKnight, Esq.


Cc: Ramzy Ladah, Esq.

# EXHIBIT 4

# CIVIL COVER SHEET

A-12-660206-C

CLARK County, Nevada

Case No. _____

*(Assigned by Clerk's Office)*

II

---

## I. Party Information

Plaintiff(s) (name/address/phone): JESSE CRUZ, MARIA CRUZ, GEOVANY MARTINEZ

Defendant(s) (name/address/phone): WABASH NATIONAL CORPORATION

Attorney (name/address/phone):
RAMZY LADAH
517 S. 3rd Street, Las Vegas, NV  89109/
Tel (702) 252-0055

Attorney (name/address/phone):

---

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

### Civil Cases

| Real Property | Torts |
|---|---|

**Real Property**

☐ **Landlord/Tenant**
  ☐ Unlawful Detainer
☐ **Title to Property**
  ☐ Foreclosure
  ☐ Liens
  ☐ Quiet Title
  ☐ Specific Performance
☐ **Condemnation/Eminent Domain**
☐ **Other Real Property**
  ☐ Partition
  ☐ Planning/Zoning

**Torts**

*Negligence*
☒ **Negligence – Auto**
☐ **Negligence – Medical/Dental**
☐ **Negligence – Premises Liability**
  (Slip/Fall)
☐ **Negligence – Other**

☒ **Product Liability**
  ☒ Product Liability/Motor Vehicle
  ☐ Other Torts/Product Liability
☐ **Intentional Misconduct**
  ☐ Torts/Defamation (Libel/Slander)
  ☐ Interfere with Contract Rights
☐ **Employment Torts** (Wrongful termination)
☐ **Other Torts**
  ☐ Anti-trust
  ☐ Fraud/Misrepresentation
  ☐ Insurance
  ☐ Legal Tort
  ☐ Unfair Competition

| Probate | Other Civil Filing Types |
|---|---|

**Probate**

☐ **Summary Administration**
☐ **General Administration**
☐ **Special Administration**
☐ **Set Aside Estates**
☐ **Trust/Conservatorships**
  ☐ Individual Trustee
  ☐ Corporate Trustee
☐ **Other Probate**

**Other Civil Filing Types**

☐ **Construction Defect**
  ☐ Chapter 40
  ☐ *General*
☐ **Breach of Contract**
  ☐ Building & Construction
  ☐ Insurance Carrier
  ☐ Commercial Instrument
  ☐ Other Contracts/Acct/Judgment
  ☐ Collection of Actions
  ☐ Employment Contract
  ☐ Guarantee
  ☐ Sale Contract
  ☐ Uniform Commercial Code
☐ **Civil Petition for Judicial Review**
  ☐ Other Administrative Law
  ☐ Department of Motor Vehicles
  ☐ Worker's Compensation Appeal

☐ **Appeal from Lower Court** *(also check applicable civil case box)*
  ☐ Transfer from Justice Court
  ☐ Justice Court Civil Appeal
☐ **Civil Writ**
  ☐ Other Special Proceeding
☐ **Other Civil Filing**
  ☐ Compromise of Minor's Claim
  ☐ Conversion of Property
  ☐ Damage to Property
  ☐ Employment Security
  ☐ Enforcement of Judgment
  ☐ Foreign Judgment – Civil
  ☐ Other Personal Property
  ☐ Recovery of Property
  ☐ Stockholder Suit
  ☐ Other Civil Matters

---

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only.*)

☐ NRS Chapters 78-88
☐ Commodities (NRS 90)
☐ Securities (NRS 90)

☐ Investments (NRS 104 Art. 8)
☐ Deceptive Trade Practices (NRS 598)
☐ Trademarks (NRS 600A)

☐ Enhanced Case Mgmt/Business
☐ Other Business Court Matters

---

4/17/2012

Date

*[signature]*

Signature of initiating party or representative

Electronically Filed
04/17/2012 10:01:50 AM

**COMP**
**RAMZY PAUL LADAH, ESQ.**
**NEVADA STATE BAR NO. 11405**
**517 S. THIRD STREET**
**LAS VEGAS, NEVADA 89101**
**Telephone:    (702) 252-0055**
**Facsimile:    (702) 248-0055**
ramzy@ladahlaw.com

**PATRICK MCKNIGHT, ESQ.**
**NEVADA STATE BAR NO. 4120**
**9960 W. Cheyenne, Suite 190**
**Las Vegas, NV 89129**
**Telephone:    (702) 822-6800**
**Facsimile:    (800) 604-7015**
**ATTORNEYS FOR PLAINTIFFS**

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

*****

| | |
|---|---|
| JESSE CRUZ, an individual;<br>MARIA CRUZ, an individual;<br>GEOVANY MARTINEZ, an individual;<br><br>       Plaintiffs<br><br>-vs-<br><br>WABASH NATIONAL CORPORATION;<br>DOES I through XX, inclusive;<br>and ROE BUSINESS ENTITIES<br>I through XX, inclusive,<br><br>       Defendants | CASE NO.: A-12-660206-C<br><br>DEPT. NO.: II<br><br>EXEMPT FROM ARBITRATION:<br>IN EXCESS OF $50,000 |

## COMPLAINT

COMES NOW Plaintiffs, **JESSE CRUZ,** an individual, and **MARIA. CRUZ,** an individual,

**GEOVANY MARTINEZ,** an individual, by and through their attorneys of record, PATRICK

1

MCKNIGHT, ESQ. and RAMZY P. LADAH, ESQ. and for their causes of action against Defendants, and each of them, allege and complain as follows:

## GENERAL ALLEGATIONS

1.      That the Plaintiffs were at all times mentioned herein residents of California;

2.      That Defendant Wabash National Corporation was at all times mentioned herein a corporation in Indiana;

3.      That all events mentioned herein occurred in Clark County, Nevada.

4.      That at all times relevant herein, Defendants designated as DOES I through X and ROE CORPORATIONS I through X, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiffs who, therefore, sues said Defendants by said fictitious names; Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as a DOES I through X

5.      That all times ROE CORPORATIONS I through X are responsible in some manner for the events and happenings referred to herein, and caused damages proximately to Plaintiffs as herein alleged, and Plaintiffs will ask leave of this court to amend this Complaint to insert the true names and capacities of DOES I through X and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

6.      That Defendant Wabash designed and manufactured a 1998 box trailer for sale and use in Nevada;

7.      That the Plaintiffs, JESSIE CRUZ and MARIA CRUZ, were at all times mentioned herein, and still are, married.

8.      On or around April 17, 2010, JESSE CRUZ was driving northbound on I-15 about 30 miles south of Las Vegas pulling the 1998 box trailer designed and manufactured by Wabash;

9.      JESSE CRUZ was forced to pull over on the side of the road due to a defect in the trailer and during that emergency stop, another vehicle struck the trailer injuring JESSE CRUZ and GEOVANY MARTINEZ.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

10.     Plaintiffs repeat and re-allege each and every allegation and fact contained herein and incorporate the same by reference;

11.     Defendants, and each of them, were negligent;

12.     As a direct and proximate result of Defendants' negligence, Plaintiffs have been injured in excess of $10,000.00.

## SECOND CAUSE OF ACTION

### PRODUCT DEFECT

13.     Plaintiffs repeat and re-allege each and every allegation and fact contained herein and incorporate the same by reference;

14.     Defendants designed and manufactured and sold the trailer which was defective and unreasonably dangerous which led to the Plaintiffs' injuries.

15.     As a direct and proximate result of Defendants' defective product, Plaintiffs have been injured in excess of $10,000.00.

## THIRD CAUSE OF ACTION

### BREACH OF WARRANTY

16.     Plaintiffs repeat and re-allege each and every allegation and fact contained herein and incorporate the same by reference;

17.     That Defendants breached their warranty of implied fitness;

18.     As a direct and proximate result of Defendants' breach, Plaintiffs have been injured in excess of $10,000.00.

    1.  For general damages in excess of $10,000;

    2.  For special damages in excess of $10,000;

    3.  For reasonable attorney's fees and costs of suit herein; and

    4. For such other and further relief as the Court deems proper in the Defendants' negligent acts.

DATED:  April _17th_, 2012

**RAMZY PAUL LADAH, ESQ**
**NEVADA STATE BAR NO. 11405**
**517 S. THIRD STREET**
**LAS VEGAS, NEVADA 89101**
**Telephone:     (702) 252-0055**
**Facsimile:     (702) 248-0055**

**PATRICK MCKNIGHT, ESQ.**
**NEVADA STATE BAR NO. 4120**
**9960 W. Cheyenne, Suite 190**
**Las Vegas, NV 89129**
**Telephone:     (702) 822-6800**
**Facsimile:     (800) 604-7015**

IAFD
RAMZY PAUL LADAH, ESQ.
NEVADA STATE BAR NO. 11405
517 S. THIRD STREET
LAS VEGAS, NEVADA 89101
Telephone:    (702) 252-0055
Facsimile:    (702) 248-0055
ramzy@ladahlaw.com

PATRICK MCKNIGHT, ESQ.
NEVADA STATE BAR NO. 4120
9960 W. Cheyenne, Suite 190
Las Vegas, NV 89129
Telephone:    (702) 822-6800
Facsimile:    (800) 604-7015
ATTORNEYS FOR PLAINTIFFS

## DISTRICT COURT

## CLARK COUNTY, NEVADA

*****

JESSE CRUZ, an individual;       )
MARIA CRUZ, an individual;       )
GEOVANY MARTINEZ, an individual; )
                                 )
           Plaintiffs            )
                                 )
                                 )       CASE NO.:
-vs-                             )
                                 )       DEPT. NO.:
WABASH NATIONAL CORPORATION;     )
DOES I through XX, inclusive;    )       EXEMPT FROM ARBITRATION:
and ROE BUSINESS ENTITIES        )       IN EXCESS OF $50,000
I through XX, inclusive,         )
                                 )
           Defendants            )
_____  )


## INITIAL APPEARANCE FEE DISCLOSURE

Pursuant to N.R.S. Chapter 19, as amended by Senate Bill 106, filing fees are submitted

for parties appearing in the above entitled action as indicated below:

1

JESSE CRUZ, MARIA CRUZ, GEOVANY MARTINEZ:          $330.00

TOTAL:                                              $330.00


DATED this 17th day of April, 2012.


By: _____

**RAMZY PAUL LADAH, ESQ.**
**NEVADA STATE BAR NO. 11405**
**LADAH LAW FIRM, PLLC.**
**517 S. THIRD STREET**
**LAS VEGAS, NEVADA 89101**
**Telephone:    (702) 252-0055**
**Facsimile:      (702) 248-0055**
**ATTORNEY FOR PLAINTIFFS**